## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

REBECCA TAYLOR,              :

      Plaintiff,              :

vs.                          :          CA 04-0686-CB-C

JO ANNE B. BARNHART,         :
Commissioner of Social Security,

                  :

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income. This action has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report and recommendation,[1] it is determined that the decision to deny benefits should be reversed and this cause remanded for further consideration not inconsistent with this decision.

---

[1]    By order dated March 11, 2005 (Doc. 12), this cause was set for oral argument on May 4, 2005 (*id*.); however, by order dated April 6, 2005 oral argument in this case was cancelled (Doc. 14). This case can be decided by the undersigned without the benefit of oral argument.

Plaintiff alleges disability due to morbid obesity, marked osteoarthritis, diabetes mellitus, and hypertension. The Administrative Law Judge (ALJ) made the following relevant findings:

2.      The claimant has morbid obesity and musculoskeletal aches and pain secondary to morbid obesity, considered "severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(b).

3.      These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, and Regulation No. 4.

4.      The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5.      The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments and is persuaded by the opinions of Dr. Nayeem set forth in Exhibits 7F and 21F (20 CFR § 416.927).

6.      The claimant has the following residual functional capacity: stand one half hour at a time for a total of two hours per eight-hour workday. She can walk 1/4 hour for a total of one hour per eight-hour workday. The claimant has no limits on her ability to sit. She can constantly lift and carry items weighing up to five pounds, frequently lift up to ten pounds, and occasionally lift up to 15 pounds. She can occasionally carry items weighing as much as ten pounds. She can never lift and carry items weighing greater than twenty pounds. The claimant is **not capable of stooping**, kneeling, crouching, or crawling. She can occasionally climb and balance. She cannot work in extreme temperatures or in high places. She is limited to sedentary work activity.

7.      The claimant has no past relevant work (20 CFR § 416.965).

8.    The claimant is a 'younger individual between the ages of 18 and 44' (20 CFR § 416.963).

9.    The claimant has 'a high school education' (20 CFR § 416.964).

10.    The claimant has the residual functional capacity to perform a wide range of sedentary work (20 CFR § 416.967).

11.    Using Medical-Vocational Rule 201.27 for decision-making, there are a significant number of jobs in the national economy that the claimant could perform. An example of such jobs includes work as assembler at the sedentary level numbering 300,000 in the national economy.

12.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(f)).

(Tr. 21-22 (emphasis supplied))   The Appeals Council affirmed the ALJ's decision (Tr. 5-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In   supplemental security income cases where the claimant has no past vocationally-relevant work, as here, it is the Commissioner's burden to prove that claimant is capable of performing work which exists in significant numbers in the national economy. *See Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The ALJ's articulation of specific jobs the claimant is capable of performing must be supported by substantial evidence. *Id*. (citation

omitted).    Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).    "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2]

The claimant contends that the ALJ committed reversible error by: (1) failing to consider all of her impairments; (2) failing to accord proper weight to the opinion of Dr. Maurice Fitzgerald; and (3) failing to comply with the Appeals Council's remand order. Because it is found that the ALJ erred in failing to consider all of plaintiff's impairments and in failing to comply with the remand order,[3] this Court need not address the other issue raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

---

[2]      This Court's review of the Commissioner's application of legal principles, however, is plenary.  *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

[3]      The undersigned also determines that the ALJ erred in determining that plaintiff can perform a wide range of sedentary work.

4

Plaintiff's first assignment of error is that the ALJ failed to consider all of her impairments, namely her diabetes, hypertension and osteoarthritis. In Finding Number 2, the ALJ indicates that plaintiff's only severe impairments are morbid obesity and musculoskeletal aches and pain secondary to her morbid obesity (Tr. 21, Finding No. 2), yet in the body of his decision he appears to suggest that her hypertension and diabetes also are severe impairments (Tr. 15 ("The second step in the sequential evaluation process requires the undersigned to determine whether the claimant has a 'severe' impairment. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities (20 CFR § 416.921). The medical evidence indicates that the claimant is morbidly obese and has musculoskeletal aches and pain secondary to morbid obesity and cholecystitis with cholelithiasis, impairments that are severe within the meaning of the Regulations. She also has hypertension controlled with medication and diabetes that is under control with medication.")).

In this circuit, an impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Because it is clear that plaintiff's hypertension and

diabetes are severe impairments, the ALJ having made that clear determination in his initial hearing decision (*see* Tr. 39 ("[T]he undersigned finds that claimant suffers from non-insulin dependent diabetes, hypertension, gallstones, and obesity, which are 'severe' impairments within the meaning of the Social Security Act and regulations.")),[4] and these impairments are crucial to the ALJ's proper analysis of the obesity remand issue (*compare* Tr. 74 ("In part, the Administrative Law Judge found the claimant's obesity was a severe impairment. However, the decision does not reflect that consideration was given to this impairment under the guidelines set forth in Social Security Ruling 00-3p. Therefore, further assessment is warranted. Upon remand, the Administrative Law Judge will . . . [f]urther evaluate the claimant's obesity under the guidelines set forth in Social Security Ruling 00-3p, providing rationale for the conclusions reached.") *with* Doc. 11, Attachment C, SSR 00-3p ("Obesity is a risk factor that increases an individual's chances of developing impairments in most body systems. It commonly leads to, and often complicates, chronic diseases of the cardiovascular, pulmonary, and musculoskeletal body systems.

---

[4]     *See also Markle v. Barnhart*, 324 F.3d 182, 187 (3rd Cir. 2003) (ALJ found plaintiff's hypertension to be a severe impairment); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) (court noted that plaintiff's diabetes and hypertension were admittedly severe impairments); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) (ALJ found one of claimant's severe impairments to be his "longstanding hypertension controlled by medication[]").

Obesity increases the risk of developing impairments such as type II [] diabetes mellitus; . . . gall bladder disease; hypertension; heart disease; peripheral vascular disease; dyslipidemia[]; stroke; osteoarthritis; and sleep apnea.")), on remand the ALJ must specifically address the severity of all of plaintiff's impairments, singly, and in combination, and address those impairments within the guidelines set forth in SSR 00-3p.

Despite the Appeals Council's directions in its September 26, 2002 order of remand that the ALJ evaluate Taylor's obesity under the guidelines set forth in SSR 00-3p (Tr. 74), it is apparent that the ALJ ignored this portion of the remand order inasmuch as he neither acknowledges this portion of the order (Tr.14 ("The Appeals[] Council granted review and by Order dated September 26, 2002, remanded the case back to the Office of Hearings and Appeals for further consideration of the claimant's subjective complaints and the effectiveness and side effects of her medications.")) nor does he mention SSR 00-3p anywhere in his decision (*see* Tr. 14-22). While the ALJ finds plaintiff's obesity is a severe impairment (Tr. 21), he found that to be the case in his first decision (*see* Tr. 74) and he does not go beyond that, as ordered, and evaluate this impairment under the guidelines set forth in SSR 00-3p. This is an important omission not only in relation to the Step 3 analysis (*compare* Tr. 17 ("The medical evidence shows that while her impairments are severe, they are not severe enough to meet

or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. The claimant's most severe problem was an acute gallbladder problem, which was corrected by surgical removal. The claimant has not been treated in the emergency room for stomach pain since shortly after her surgery. She has been treated for family planning and blood pressure checks and to get physicals for medication refills, etc. Not until she wanted a disability statement from her treating doctor did she seek treatment for pain related to her hips, knees and back. . . . The undersigned finds the evidence does not support a finding that her impairments meet or equal the requirements of a listing.") *with* Doc. 11, Attachment C, SSR 00-3p ("[E]ven though we deleted listing 9.09, we made some changes to the listings to ensure that obesity is still addressed in our listings. In the final rule, we added paragraphs to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings that provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems. See listings sections 1.00F, 3.00I, and 4.00F. The paragraphs state that we consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability. The provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately.")), but, as well, in relation to

8

assessing residual functional capacity (*see* Doc. 11, Attachment C, SSR 00-3p ("[The provisions] also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.")). Accordingly, on remand, the ALJ must evaluate claimant's obesity in accordance with SSR 00-3p.

This case also needs to be remanded for further proceedings because the ALJ's determination that plaintiff can perform a wide range of sedentary work (Tr. 22, Finding No. 10) is not supported by substantial evidence. Relying upon Dr. Mohammed Nayeem's opinion regarding Taylor's residual functional capacity (*compare* Tr. 19 ("The undersigned finds Dr. Nayeem's opinion persuasive and consistent with the weight of the evidence of record.") *with* Tr. 293-295 (Dr. Nayeem's RFC assessment)), the ALJ determined that plaintiff has the following residual functional capacity:

> stand one half hour at a time for a total of two hours per eight-hour workday. She can walk 1/4 hour for a total of one hour per eight-hour workday. The claimant has no limits on her ability to sit. She can constantly lift and carry items weighing up to five pounds, frequently lift up to ten pounds, and occasionally lift up to 15 pounds. She can occasionally carry items weighing as much as ten pounds. She can never lift and carry items weighing greater than twenty pounds. **The claimant is not capable of stooping,** kneeling, crouching, or crawling. She can occasionally climb and balance. She cannot work in extreme temperatures or in high places. She is limited to sedentary work activity.

(Tr. 21, Finding No. 6 (emphasis supplied))

> Sedentary work is defined in the Commissioner's regulations as follows:
>
> Sedentary work  involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a) (2004). In addition, most unskilled sedentary jobs require the ability to stoop occasionally, that is, from very little to up to one-third of the time. SSR 96-9p. "A complete inability to stoop would significantly erode the unskilled sedentary occupational base and **a finding that the individual is disabled would usually apply**[.]" *Id.* (emphasis supplied).

In this case, the ALJ fully embraced the RFC assessment of Dr. Nayeem, including the limitation that plaintiff can never stoop. In light of this limitation, plaintiff certainly cannot perform a wide range of sedentary work as noted by the ALJ and the grids, therefore, are simply inapplicable. The ALJ is not saved in his fifth step analysis by citation to sedentary assembler jobs as an example of jobs plaintiff can perform as he has come forward with no evidence that sedentary assembler jobs require no stooping[5] nor explained why such limitation does not

---

[5]     In addition, the ALJ mistakenly finds that the number of such jobs in the national economy comes to approximately 300,000. (Tr. 22) The vocational expert ("VE"), in fact, testified that

result in a finding of disability in this case. Accordingly, this cause need be remanded to the Commissioner of Social Security for identification of those specific sedentary jobs, if any, plaintiff can perform in light of her impairments and limitations.

## <u>CONCLUSION</u>

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be  be reversed and remanded pursuant to sentence four of § 405(g),[6]  *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.   The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412,  *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

---

sedentary assembler jobs number 108,000 nationally and 7,800 in the region. (Tr. 359)

[6]      Although the plaintiff's application in this case is solely for supplemental security income benefits pursuant to 42 U.S.C. § 1383(c)(3), remand is proper under sentence four of § 405(g) because § 1383(c)(3) provides that "[t]he final decision of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 27th day of April, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.        *Objection*.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)©); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.        *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE