# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

REBECCA TAYLOR,                           :

    Plaintiff,                            :

vs.                                       CA 04-0686-CB-C

                                          :

JO ANNE B. BARNHART,
Commissioner of Social Security,          :

    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 22) Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $2,062.50 under the EAJA for legal services rendered in this Court.

**FINDINGS OF FACT**

    1.    On May 31, 2005, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings. (Doc. 19; *see also* Doc. 18)

2. The application for attorney's fees under the EAJA was filed on August 25, 2005, some eighty-six (86) days after the entry of final judgment. (*Compare* Doc. 22 *with* Doc. 19) In the application, plaintiff requests attorney's fees in the amount of $2,375.00 to compensate her attorney for the time spent representing her before this Court as of the date of the filing of the fee application. (*See id.*)

3. The Commissioner of Social Security filed an opposition to plaintiff's EAJA fee application on September 8, 2005 and therein claims that its position in this litigation was substantially justified. (*See* Doc. 24)

## CONCLUSIONS OF LAW

1. The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

2. The Commissioner of Social Security has taken the rather unique stance in this case that her position regarding plaintiff's ability to perform sedentary work was substantially justified. (Doc. 24, 3-5) The undersigned, however, disagrees with the defendant in this regard and notes that no reasonable

person could think it correct that the plaintiff could perform the wide range of sedentary work (or even the specific position of assembler)  where, as here, the ALJ made a finding, i.e., no stooping, which significantly erodes the unskilled sedentary occupational base, SSR 96-9p, and no explanation is given regarding whether an assembler would ever be required to perform any stooping.[1]  *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2, 101 L.Ed.2d 490 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."). Moreover, the undersigned finds that no reasonable person in the instant ALJ's position could believe that he had a reasonable basis in law or fact to ignore the Appeals Council's directions in its September 26, 2002 order of remand that the claimant's obesity be evaluated under the guidelines set forth in SSR 00-3p. *Pierce, supra*. For these reasons, the undersigned recommends that the Court reject the Commissioner's argument that her position in this case was

---

[1]     It is clear to the undersigned that the vocational expert who testified at the administrative hearing focused solely upon the sitting requirements of sedentary work and the sitting restrictions identified by Dr. Nayeem in testifying that the claimant could perform  sedentary jobs. (*See* Tr. 360-361) Neither the VE or the ALJ took into consideration the fact that the wide range of sedentary work requires the ability to stoop nor did either establish that the specific position of sedentary assembler requires no stooping. Accordingly, the undersigned simply does not "buy into" the defendant's argument that the Commissioner's position that plaintiff could perform other jobs in the national economy was substantially justified.

substantially justified.

      3.     The Commissioner makes no argument that plaintiff is not a prevailing party under the EAJA (*see* Doc. 27);[2] therefore, the undersigned focuses his attention on other matters.

      4.     The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of May 31, 2005, became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, July 30, 2005. The application filed in this case, bearing a date of August 25, 2005, is timely since it was filed within thirty days of July 30, 2005.

      5.     The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler,* 765 F.2d 1562, 1586 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461

---

[2]    "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v.Schaefer*, 509 U.S. 292, 302, 113 S.Ct.2625, 2632, 125 L.Ed.2d 239 (1993).

U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra,* 461 U.S. at 434, 103 S.Ct. at 1939-1940 (citations omitted);

*see also id.,* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates");  *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis").

      6.    In *Norman, supra,* the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306. Moreover, while "a fee applicant is not entitled to compensation at an attorney's rate simply because an

6

attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment[,]" the applicant is entitled to be compensated at a judicially noticed clerical rate for such work. *See id.* ("To be sure, the trial judge can judicially notice a rate for bookkeeping work or work customarily done by paralegals and it is equally true that a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment.").

       7.    While the defendant objects to the instant fee petition solely on the basis that its position in this matter was substantially justified (Doc. 24), the undersigned finds some of the time spent on individual tasks in this case unreasonable. The undersigned finds unreasonable the following itemized entries: (1) the November 24, 2004 entry (.2) for receipt and review of the undersigned's two-paragraph order granting plaintiff's motion to proceed *in forma pauperis* (*compare* Doc. 22, Exhibit A *with* Doc. 4); (2) the December 3, 2004 entry (.2) for receipt and review of this Court's standing order in social security cases (*compare* Doc. 22, Exhibit A *with* Doc. 6); (3) the February 16, 2005 entry (.5) for receipt and review of the defendant's answer and transcript (*compare* Doc. 22, Exhibit A *with* Doc. 10); (4) the March 29, 2005 entry (.2) for receipt and review of the undersigned's one-paragraph order setting this

matter for oral argument (*compare* Doc. 22, Exhibit A *with* Doc. 12); (5) the April 8, 2005 entry (.2) for receipt and review of the undersigned's three-paragraph order cancelling oral argument (*compare* Doc. 22, Exhibit A *with* Doc. 14); (6) the June 9, 2005 entry (.3) for receipt and review of the Court's one-sentence order adopting the undersigned's report and recommendation and one-paragraph judgment ordering remand (*compare* Doc. 22, Exhibit A *with* Docs. 18 & 19); and (7) the August 25, 2005 entry (2.5) for preparing and filing the instant EAJA petition. It was unreasonable for Macey to bill the amount of time reflected in the first six entries set forth above for review of the documents reflected therein inasmuch as the undersigned was able to read and comprehend the import of each of these pleadings in less than one minute. *See Payne v. Sullivan*, 813 F.Supp. 811, 813 (N.D.Ga. 1992) (court refused to allow recovery for those instances wherein counsel billed for 15 or 30 minutes for receiving a letter or court document). The undersigned recommends that Macey be compensated at the attorney rate for six minutes (.1) of work performed on each of these six dates, for a total amount of compensated time of .6 minutes, and that the remaining cumulative time set forth in these itemized entries (i.e., one hour) not be compensated. Finally, the time claimed by Macey for preparing her five-paragraph motion for EAJA fees and her two-page itemization of services rendered (2.5) is grossly disproportionate to the normal

one-hour award made by this Court for such work, *see Burrows v. Barnhart*, CA 02-0592-P-C, Report & Recommendation, at 7 (August 17, 2004) ('[T]his Court regularly awards fees for one hour of attorney work in preparing EAJA petitions[.]"), and Macey provides no reasoning for why it took her longer than one hour to prepare the bare-bones motion and to print out the itemization of services rendered. Accordingly, the undersigned recommends that Macey be compensated for one hour of attorney work performed on August 25, 2005, and that the remaining time reflected in this itemized entry (1.5 hours) not be compensated.

   8. In her itemization of services rendered, Marilyn H. Macey, Esquire, requests that she be compensated at the attorney rate for 19 hours of work. The undersigned recommends that 16.5 hours be compensated at the attorney rate and that the remaining 2.5 hours be disallowed.

   9. With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court

> determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

10. In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

11. The prevailing market rate in the Southern District of Alabama has been raised to $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, CA 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. Because the market rate is not greater than the statutory rate of $125.00 per hour, the Court need not reach the second step set out in the *Meyer* case.

12. In consideration of the foregoing, the undersigned recommends that plaintiff be awarded an attorney's fee in the amount of $2,062.50 under the

EAJA for the 16.5 hours her attorney spent performing work traditionally performed by attorneys in social security cases.

## CONCLUSION

The Magistrate Judge recommends that plaintiff be awarded attorney's fees in the amount of $2,062.50 under the Equal Access to Justice Act, representing compensation for 16.5 hours of service by Marilyn H. Macey, Esquire, at the market rate of $125.00 an hour.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of September, 2005.

      s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                             s/WILLIAM E. CASSADY
                                             UNITED STATES MAGISTRATE JUDGE

12